May Term, 1850.

REID
v.
WILSON.

---

REID and Others *v.* WILSON.

Bill in chancery praying that the Court decree the sale of the defendant's equitable interest in certain land for the payment of the complainant's debts, &c. The bill recited that "the said *Charles L. Wilson* is possessed of equitable estate of one undivided half of a certain tract or lot of land, situate," &c., (describing the half lot). *Held*, that the description of the defendant's estate was too loose and defective; and, on that ground, the bill was bad on demurrer.

APPEAL from the *St. Joseph* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed by ten complainants (the appellants) against *Wilson*. The bill was demurred to, because it did not make such a cause as entitled the complainants to a decree; and the demurrer was sustained.

The bill alleges that the defendant was, as indorser of a promissory note, indebted to two of the complainants; that, as maker of a promissory note, he was indebted to two of the others; that he owed three of the others for goods sold and delivered; and that, as maker of a promissory note, he was indebted to the other three. The debts are particularly described in the bill, and the persons named to whom they were due. The bill alleges that the defendant is possessed of equitable estate of one undivided half of a certain tract or lot of land in *St. Joseph* county (setting out the boundaries). The bill then states that the defendant is a non-resident and is insol-

*Friday,*
*August* 23.

May Term, 1850.

REID
v.
WILSON.

vent, and has no property in this state subject to execution, or which can be reached by process at law; that the complainants believe the defendant intends to sell said equitable interest to some *bona fide* purchaser, &c. Prayer, that the Court decree a sale of said interest, and enjoin the defendant from selling the same.

This bill contains no description whatever of the equitable estate of which the defendant is alleged to be possessed. All it says upon the subject is as follows: "The said *Charles L. Wilson* is possessed of equitable estate of one undivided half of a certain tract or lot of land situate," &c., (describing the half lot). This language, as to the defendant's estate, is too loose and defective. Without being informed of the facts relied on as constituting the estate, we cannot know, from the bill, whether the estate is valid or not; nor can the defendant know how to shape his defence. There are a great variety of equitable estates—some created by deed or will—others arising by operation of law. Some of them are subject to execution or attachment, and others are not. We consider that the description in this bill of the equitable estate should have been such as would have been necessary had the bill been filed by the defendant to enforce his right against the person having the legal estate. Suppose the defendant's equitable estate grows out of a con tract for purchase, where the vendor refuses to convey, the vendee's bill for a specific performance must, of course, describe the contract of sale, and thus show the nature of his estate. So, a bill filed by the vendee's creditor for a sale of the equitable estate, would have to describe the contract of sale. Unless the bill against the vendee described the contract of sale, the defendant would not be bound to answer it.

In the case before us, the complainants cannot get a decree without showing that the defendant is entitled to some particular interest in the premises, which interest is enforceable in equity; and the bill must describe that particular interest or it will contain no cause of action. There is as much reason for requiring a description of

the equitable estate, as there is for requiring a description of the debts.

We think, therefore, that the demurrer to the bill was correctly sustained.

*Per Curiam.*—The decree is affirmed with costs, &c.

*J. L. Jernegan* and *O. H. Smith*, for the appellants.

*A. L. Osborne* and *J. B. Niles*, for the appellee.